1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

8  CONNIE HANDEL,                         )   No. CV-12-359-LRS
                                          )
9              Plaintiff,                  )   **ORDER GRANTING**
                                          )   **DEFENDANT'S MOTION FOR**
10       vs.                               )   **REMAND,** *INTER ALIA*
                                          )
11  CAROLYN W. COLVIN,                     )
    Acting Commissioner of Social          )
12  Security,                              )
                                          )
13             Defendant.                  )
    _____        )

14
15      **BEFORE THE COURT** are Plaintiff's Motion For Summary Judgment
16  (ECF No. 16) and the Defendant's Motion For Remand (ECF No. 25).

17
18                        **JURISDICTION**
19      Connie Handel, Plaintiff, applied for Title II Disability Insurance benefits
20  (DIB) and Title XVI Supplemental Security Income benefits (SSI) on February 14,
21  2008.  The applications were denied initially and on reconsideration.  Plaintiff
22  timely requested a hearing and one was held on September 16, 2010, before
23  Administrative Law Judge (ALJ) Marie Palachuk.  Plaintiff, represented by
24  counsel, appeared and testified at this hearing.  Arthur Lorber, M.D., and Margaret
25  R. Moore, Ph.D. testified as Medical Experts (MEs).  Deborah Lapoint testified as
26  a Vocational Expert (VE).  On October 8, 2010, the ALJ issued a decision denying
27  benefits.  The Appeals Council denied a request for review and the ALJ's decision
28  became the final decision of the Commissioner.  This decision is appealable to

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND,** *INTER ALIA***- 1**

district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 35 years old.  She has a high school education, and past relevant work experience as a veterinary technician, nursing home cook, hotel clerk, cashier, and waitress/cocktail server/bartender.  Plaintiff alleges disability since May 1, 2007, due to a combination of physical and mental impairments.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

*///*

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 2**

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ.  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ  erred by:  1) failing to acknowledge that she credited certain evidence which established Plaintiff's disability and which resulted in the Commissioner not meeting her Step Five burden; 2) improperly rejecting the opinions of Plaintiff's treating and examining physicians; and 3) improperly rejecting Plaintiff's credibility as to her subjective complaints.

## DISCUSSION

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  *Id*.

///

**ORDER GRANTING DEFENDANT'S
MOTION FOR REMAND, *INTER ALIA*- 3**

1    The Commissioner has established a five-step sequential evaluation process

2    for determining whether a person is disabled.  20 C.F.R. §§ 404.1520 and 416.920;

3    *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987).  Step one

4    determines if she is engaged in substantial gainful activities.  If she is, benefits are

5    denied.  20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i).  If she is not, the

6    decision-maker proceeds to step two, which determines whether the claimant has a

7    medically severe impairment or combination of impairments.  20 C.F.R. §§

8    404.1520(a)(4)(ii) and 416.920(a)(4)(ii).  If the claimant does not have a severe

9    impairment or combination of impairments, the disability claim is denied.  If the

10   impairment is severe, the evaluation proceeds to the third step, which compares

11   the claimant's impairment with a number of listed impairments acknowledged by

12   the Commissioner to be so severe as to preclude substantial gainful activity.  20

13   C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P,

14   App. 1.  If the impairment meets or equals one of the listed impairments, the

15   claimant is conclusively presumed to be disabled.  If the impairment is not one

16   conclusively presumed to be disabling, the evaluation proceeds to the fourth step

17   which determines whether the impairment prevents the claimant from performing

18   work she has performed in the past.  If the claimant is able to perform her previous

19   work, she is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

20   If the claimant cannot perform this work, the fifth and final step in the process

21   determines whether she is able to perform other work in the national economy in

22   view of her age, education and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v)

23   and 416.920(a)(4)(v).

24       The initial burden of proof rests upon the claimant to establish a prima facie

25   case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921

26   (9th Cir. 1971).  The initial burden is met once a claimant establishes that a

27   physical or mental impairment prevents her from engaging in her previous

28   occupation.  The burden then shifts to the Commissioner to show (1) that the

**ORDER GRANTING DEFENDANT'S
MOTION FOR REMAND, *INTER ALIA*- 4**

1    claimant can perform other substantial gainful activity and (2) that a "significant

2    number of jobs exist in the national economy" which claimant can perform. *Kail*

3    *v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

4    The Contract with America Advancement Act of 1996 (CAAA) amended

5    the Social Security Act, providing that "an individual shall not be considered to be

6    disabled . . . if alcoholism or drug addiction would . . . be a contributing factor

7    material to the Commissioner's determination that the individual is disabled." 42

8    U.S.C. § 423(d)(2)(C). Special statutes and regulations govern disability claims

9    that involve substance abuse. The ALJ must follow a specific analysis that

10   incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a),

11   416.935(a). The ALJ must first conduct the five-step inquiry without attempting

12   to determine the impact of a substance abuse disorder. If the ALJ finds that the

13   claimant is not disabled under the five-step inquiry, the claimant is not entitled to

14   benefits, and there is no need to proceed with further analysis. *Id*. If the ALJ

15   finds the claimant disabled, and there is evidence of substance abuse, the ALJ

16   should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to

17   determine if the claimant would still be disabled absent the substance abuse.

18   *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If found disabled

19   with the effects of substance abuse, the claimant has the burden in steps one

20   through four of the second sequential evaluation process to prove drug or alcohol

21   abuse is not a contributing factor material to her disability. *Parra v. Astrue*, 481

22   F.3d 742, 748 (9th Cir. 2007).

23

24   **ALJ'S FINDINGS**

25   The ALJ found the following: 1) Plaintiff has severe impairments which

26   include left femoral fracture status post open reduction internal fixation (ORIF) in

27   2004, chronic mid and low back pain with minimal findings on MRI, asthma

28   which is generally controlled, fibromyalgia diagnosis without accompanying

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 5**

clinical findings, mathematics disorder, history of attention deficit hyperactivity disorder, depressive disorder, anxiety not otherwise specified, and borderline personality disorder with paranoid and dependent features; 2) Plaintiff does not have an impairment or combination of impairments that meets or equals any of the impairments listed in  20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform light work, can occasionally climb ladders, ropes and scaffolds, should avoid concentrated exposure to temperature extremes, should avoid even moderate exposure to respiratory irritants, such as fumes, odors, and gases, has sufficient attention and concentration to understand, remember, and carry out simple, routine, and repetitive tasks involving up to three steps, and would work best away from the general public with only superficial contact with coworkers; 4) Plaintiff's RFC prevents her from performing her past relevant work; and 5) Plaintiff's RFC allows her to perform jobs that exist in significant numbers in the national economy, including production assembler and price marker in a retail setting.  Accordingly, the ALJ concluded the Plaintiff is not disabled.

**REMAND**

At the hearing, Medical Expert Dr. Moore was asked by the ALJ to offer an opinion about Plaintiff's functional limitations arising from her mental impairments.  Dr. Moore testified there was a "mild" restriction on Plaintiff's daily living activities; a "marked" restriction on her social functioning; a "mild" to "moderate" restriction on her maintaining concentration, persistence and pace; and no episodes of decompensation of extended duration.  (Tr. at pp. 63; 345).  Upon questioning by Plaintiff's counsel, Dr. Moore elaborated upon her opinion regarding Plaintiff's social functioning, opining that Plaintiff was "moderately" limited in terms of working in coordination with or in proximity to others without being distracted by them; "moderately" limited in terms of interacting with the

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 6**

general public; "markedly" limited in terms of accepting instructions and responding appropriately to criticism from supervisors; and "moderately" to "markedly" limited in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. at pp. 66-67; 349-50).

The ALJ asked the VE to assume Plaintiff had the RFC that the ALJ ultimately found the Plaintiff to have (and set forth above). Based on that RFC, the VE opined that although Plaintiff was not capable of performing her past relevant work, she was capable of performing certain other jobs existing in significant numbers in the national economy. (Tr. at pp. 81-82). Plaintiff's counsel then asked the VE to assume Plaintiff was "markedly" limited in her ability to accept instructions and to respond appropriately to criticism from supervisors, to which the VE responded that this would preclude the jobs she identified in response to the ALJ's hypothetical, as well as any other jobs. (Tr. at p. 85).

In her decision finding the Plaintiff not disabled, the ALJ fully credited the opinions offered by Dr. Moore at the hearing regarding the extent of Plaintiff's functional limitations, including "marked difficulties in maintaining social functioning," "marked" limitations in the ability to work in coordination with or in proximity to others without being distracted by them, "marked' limitations in the ability to accept instructions and respond appropriately to criticism from supervisors, and "moderate" to "marked" limitations in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. at pp. 32-33).

The Commissioner concedes the ALJ erred in crediting the opinions offered by Dr. Moore, but failing to include them in her (the ALJ's) RFC determination. The Commissioner contends, however, this error does not require a finding of disability and that instead, a remand for further proceedings is warranted. The Commissioner contends there are outstanding issues that must be resolved before a

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 7**

1  determination of disability can be made, including whether substance abuse is a

2  contributing material factor.  In response, Plaintiff contends there are no

3  unresolved DAA (Drug and Alcohol Abuse) issues in this case because  the ALJ

4  did not make an explicit finding at Step Two that any of Plaintiff's severe mental

5  impairments were related to drug or alcohol abuse.

6        Under the process outlined in *Bustamante v. Massanari*, 262 F.3d 949, 955

7  (9th Cir. 2001), and recently explained in Social Security Ruling (SSR) 13-2p,

8  2013 WL 621536 (Feb. 20, 2013), in a case where there is DAA evidence, and

9  ALJ must consider all evidence at Step Two, including the evidence of DAA, to

10 determine the severity of the claimant's impairments.  If the claimant's

11 impairments are disabling with DAA included, and substance abuse disorder is not

12 the only severe impairment, then the ALJ must proceed through the sequential

13 evaluation process twice, first including DAA, and then second, separating out the

14 DAA.  2013 WL 621536 at * 7.[1]  Although it is true the ALJ did not make an

15 explicit finding at Step Two that any of Plaintiff's severe mental impairments were

16 related to drug or alcohol abuse, consideration of DAA is arguably implicit in the

17 ALJ's discussion of the medical evidence in her decision and, more importantly, it

18 was clearly a consideration in Dr. Moore's discussion of the evidence.

19      Dr. Moore testified she questioned the diagnosis of a psychotic disorder

20 because during Plaintiff's intake at Central Washington Comprehensive Mental

21 Health (CWCMH) on January 28, 2008, she was very agitated and had some

22 _____

23      [1] An ALJ is only compelled to engage in a DAA analysis if he finds the

24 claimant disabled.  *Bustamante*, 262 F.3d at 955, citing *Drapeau v. Massanari*,

25 255 F.3d 1211, 1214 (10th Cir. 2001).  In other words, if the ALJ concludes the

26 claimant is not disabled, even with DAA taken into account, then the claimant is

27 not entitled to benefits and the ALJ need not go through the sequential evaluation

28 process a second time under 20 C.F.R. §§ 404.1535 or 416.935.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 8**

1   "unusual perceptual thoughts" which "certainly may" have indicated a drug

2   problem. (Tr. at p. 58). And then, Dr. Moore testified at length about "the final

3   listing involved in the record," that being "12.09" which is "Substance Addiction

4   Disorders." (Tr. at p. 61). Dr. Moore noted two things here: 1) the Plaintiff's use

5   of benzodiazepines and other medications for anxiety "which just seems to be

6   something that she gravitates towards and asks for more of," (Tr. at p. 61); and 2)

7   the Plaintiff's use of marijuana and her obtaining of a medical marijuana

8   certification. With regard to the latter, Dr. Moore expressed concern about the

9   Plaintiff not always being forthcoming about her usage of marijuana. (Tr. at p.

10  62). Dr. Moore also expressed concern that Plaintiff's medical providers were not

11  "on the same page" about her marijuana usage and there "being no control once

12  that letter [medical marijuana certification] is in place." (Tr. at p. 62). Dr. Moore

13  ultimately opined that "the role of substances is a bit clear." (Tr. at p. 62).

14  Plaintiff's counsel challenged Dr. Moore about this on cross-examination, but she

15  did not change her stance, even though she acknowledged she was familiar with a

16  March 2008 evaluation during which Plaintiff tested negative for drug use and the

17  Community Counseling Clinic concluded its assessment did not support a

18  diagnosis of substance abuse or dependency. (Tr. at p. 65; pp. 605-07).

19  According to Dr. Moore:

20              [T]he reason that I brought up the whole issue of substance
            abuse when I was doing my initial discussion of the various
21          listings and the associated diagnoses is that I said that . . .
            there had been a brief intake interview [in January 2008]
22          that had led to the rule-out and a . . . psychosis NOS [diagnosis].[2]
            And my point at that particular moment and in the narrative
23          discussion was when this diagnosis was made there was some
            evidence of a substance abuse problem. And I noted it, but I
24          also noted that that particular . . . cluster was not continued
            as the record unfolded.

25  (Tr. at p. 66). More specifically, when Plaintiff was seen at CWCMH for a

26

27  _____

28          [2] "NOS" means "Not Otherwise Specified."

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 9**

psychiatric evaluation on February 26, 2008, there was no longer a diagnosis of a psychotic disorder "or anything of that sort," (Tr. at pp. 65-66; 285-87), unlike there had been at the January 28, 2008 intake assessment (Tr. at pp. 288-95).[3]

Dr. Moore also noted that during Plaintiff's January 28, 2008 intake assessment at CWCMH, the Plaintiff indicated she had undergone a chemical dependency evaluation at "Dependency Health Services," had been instructed to enter an outpatient treatment program, and then came to CWCMH seeking " a second opinion." (Tr. at p. 290). According to Dr. Moore, "I don't think they would have recommended treatment if they hadn't seen something." (Tr. at pp. 64-65).

The ALJ's apparent failure to consider the possibility of a DAA analysis in light of Dr. Moore's testimony is as inexplicable as her failure to consider Dr. Moore's opinion regarding the functional limitations arising from Plaintiff's mental impairments. It is made even more inexplicable by the fact the ALJ specifically mentioned Plaintiff's marijuana use as part of her credibility analysis and found Plaintiff had "made inconsistent statement regarding her substance use." (Tr. at p. 35).

This case bears considerable resemblance to the situation presented in a recent decision out of the District of Colorado where a remand was ordered directing the ALJ to state on the record whether a DAA analysis was appropriate and, if appropriate, to conduct such an analysis. *Deines v. Astrue*, 2012 WL 1018711 (D. Colo. 2012) at *6. According to the court in that case:

> The ALJ did not state why he did not conduct such an analysis. This also must be addressed on remand. As the Commissioner notes, medical expert Dr. Houston testified at the hearing that Plaintiff had a history of substance abuse. Plaintiff testified that he had not abused drugs since 2004, but also testified

---

[3] The "Psychosis NOS" diagnosis is found at p. 293 of the Administrative Transcript.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 10**

1    that he had used medical marijuana.  The ALJ referenced
2    Plaintiff's use of drugs in connection with his credibility
     analysis.
3    *Id*.

4

5                          **CONCLUSION**

6        There is an outstanding issue here which requires resolution before a

7    disability determination can be made.  Accordingly, a remand for further

8    proceedings is appropriate instead of a remand for payment of benefits.  *Harman*

9    *v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000).  On remand, the ALJ shall state

10   on the record whether a DAA analysis is appropriate, and if appropriate, shall

11   conduct said analysis.  As one court noted:

12           [N]ot every mention of alcohol and/or drug usage in the medical
             records requires a *Bustamante* analysis.  There may be usage of such
13           substances that are so sporadic and light that their use would have not
             more than a *de minimis* effect on the ability of a person to work,
14           i.e.,their use would not even be a severe impairment.  If such is the
             case, . . . the analysis proceed without further mention of the alcohol
15           and/or drug usage.  On the other hand, where the record so strongly
             intimates that the substance usage would have more than *de minimis*
16           effect, that usage cannot simply be glossed over because its
             analysis is too cumbersome, or otherwise too difficult, or not
17           presently preferred social policy.  Controlling statutes and expressed
             Congressional intent are not to be ignored for whatever reason.
18
19   *McClary v. Astrue*, 2012 WL 3648011 (E.D. Cal. 2012) at *2.  Because of the

20   controlling statutes and Congressional intent, the *McClary* court raised the DAA

21   issue *sua sponte* and ordered a remand.  2012 WL 2921352 (E.D. Cal. 2012) at *8.

22   This also occurred in  *Brown v. Astrue*, 2010 WL 4876591 (E.D. Cal. 2010) at *7,

23   in which the court noted that "where Congress has clearly spoken of its intent in
     ///
24   ///
25   ///
26   ///
27   ///
28

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 11**

1  this area, and mandated a preclusion of disability benefits if a disabling

2  impairment bears a connection with drug usage."[4]

3      Defendant's Motion For Remand (ECF No. 25) is **GRANTED**.  Plaintiff's

4  Motion For Summary Judgment (ECF No. 16) is **GRANTED** to the extent it seeks

5  a remand for additional proceedings.  It is **DENIED** to the extent it seeks a remand

6  for an immediate award of benefits.  Pursuant to Sentence Four of 42 U.S.C.

7  §405(g), this matter is **REMANDED** to the Commissioner for additional

8  proceedings and/or findings consistent with this order.  An application for attorney

9  fees may be filed by separate motion.

10      **IT IS SO ORDERED.**  The District Executive shall enter judgment

11  accordingly and forward copies of the judgment and this order to counsel.

12      **DATED** this ____16th____ of October, 2013.

13

14                    *s/Lonny R. Suko*

15  _____
                    LONNY R. SUKO
16                 United States District Judge

17

18

19

20

21

22  _____

23      [4] The court expresses no opinion regarding the propriety of a remand for the

24  other issues identified by the Commissioner.  The Plaintiff's position on these

25  other issues, as expressed in her reply memorandum (ECF No. 26), and her

26  assertions of error contained in her motion for summary judgment (ECF No. 16),

27  are preserved for future resolution on a second appeal to this court, should such

28  resolution be necessary.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR REMAND, *INTER ALIA*- 12**